Judge Owsley
delivered the opinion of the court.
This is an appeal from the court below, compelling the appellants to surrender their elder title, derived under an adverse claim, to the appellee, who asserted a superior equity, under the following entry:
"February 3, 1783, Joseph Helm enters 1500 acres in “part of a military warranty No. 1320, on the waters “Clear Creek, adjoining Allen’s survey on the west, run“ning north with his line; thence west; thence south to *146 “Boone’s pre-emption; thence with Helm’s line north? “thence east to the beginning.”
In 1774 there was surveyed for James Allen, with lines to the cardinal points, 2000 acres of military land, in the forks of Clear Creek; and on the 8th of March, 1781, there was surveyed for Squire Boone, upon Clear Creek, bv virtue of a certificate for settlement, granted to Benja-: min Vancleave, 400 acres; and on the same day, .1000 acres, adjoining the same; by virtue of a pre-emption warrant. .
The pre-emption survey thus made for Boone, presents a north side, and forms a north-east corner, but a few poles distant from the south-west corner of Allen’s military survey. These surveys are abundantly proven by the evidence in the cause, to have possessed general notoriety at the date of Helm’s entry; so that there can be no doubt but the maker of that entry intended to appropriate land lying to the west of Allen and north of Boone; but as the entry of Helm also calls to run with Helm’s line, and William Helm ⅛ shewn to have had a survey of 637 acres’adjoining Boone on the north, but which was not, at that time, of record, and is not now shewn to have been notorious, a question arises, whether the entry should be construed to adjoin the survey of William Helm, or his entry? And if to adjoin the survey, as it was not of record nor notorious, can the entry of Joseph Helm, in consequence of the call to adjoin thereto, be sustained?
We are of opinion the entry should be construed to adjoin the survey and not the entry of William Helm. From the circumstance of the locator calling for the lines of other' surveys of record, and using similar language in relation to that of Helm, it is most reasonable to infer, that he intended to adjoin his line also, as actually surveyed.
Thus considering the call for Helm, we can but accord with the court below in sustaining the entry. For although the survey is not shewn to have been notorious, yet it is apparent from the calls of the entry, that the locator intended to adjoin a Survey of Helm, lying to the north and adjoining of Boone; and as no other survey is shewn to have existed at the date of the entry calculated in any manner to mislead art enquirer, we apprehend no reasonable difficulty could have oficured in ascertaining the survey intended.
We also accord with the court below in the manner they have directed the entry should be surveyed, by beginning at *147 a point on Allen’s line, due east from the north-east corner of Helm; thence west, passing the north east corner Helm, and with his line to his north-west corner; thence south with his line to Boone’s line; thence with Boone’s-line west to his north-west corner, and thence north so far as by extending a line east to Allen’s survey, and with his line to the beginning, will include the quantity.
Talbot, Pope and Littell for appellants, Hardin for appellee.
The decree must, therefore, be affirmed with cost.